IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Clarence Ganaway, | Case No. 3:12 CV 1448 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| State of Ohio, et al., | |
| Defendants. | |

*Pro se* Plaintiff Clarence Ganaway, a prisoner at Ohio's Mansfield Correctional Institution, filed this action against the State of Ohio, the Ohio General Assembly, and State Legislators (Doc. 1). He seeks monetary damages and injunctive relief.

The Complaint (Doc. 1) is mostly incomprehensible. Plaintiff alleges the laws of Ohio are inappropriate. He claims: a State's law is required to be complete and should not require an analysis of the meaning of legislative acts; the United States Constitution should not be obstructed; and citizens are in peril when laws are not in conformity with the Constitution. He mentions the Court of Common Pleas, justices, and a grand jury who apply the laws of the Ohio legislature, and alleges the State of Ohio neglects its laws, which causes the citizens of Ohio mental harm and anguish.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2). A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to plaintiff and without service of process on defendant, if the court explicitly states that it is invoking Section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. Further, in reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Plaintiff seeks an award of monetary damages against the State of Ohio. A State may be sued in federal court only if it has consented to such a suit or its immunity has been properly abrogated by Congress. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). In all other cases, the Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Plaintiff does not assert a

legal claim in his Complaint for which the State of Ohio has consented to be sued for damages. Consequently, Defendants are immune from suit under the Eleventh Amendment.

While Plaintiff also appears to request injunctive relief, he does not specify a legal cause of action upon which that relief may be granted, and none is apparent on the face of the Complaint. Although *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, this Court is not required to conjure up questions never squarely presented or to construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even liberally construed, this pleading does not contain a legal basis to sustain a lawsuit.

## CONCLUSION

Accordingly, Plaintiff's request for permission to proceed *in forma pauperis* is granted and this action is dismissed under 28 U.S.C. §1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                 s/ *Jack Zouhary*
                 JACK ZOUHARY
                 U. S. DISTRICT JUDGE

                 October 31, 2012